UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DECHERI HAFER,<br><br>              Plaintiff,<br><br>       v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF KERN STATE OF CALIFORNIA<br><br>              Defendants. | Case No. 2:22-cv-05243-JAK-JDE<br><br>ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF JURISDICTION |

## I.

## INTRODUCTION

On July 22, 2022, Decheri Hafer ("Plaintiff"), proceeding pro se, filed a complaint (Dkt. 1, "Complaint") alleging the State of California and the Superior Court of California, County of Kern ("Defendants") violated his civil rights under the Fourteenth Amendment of the United States Constitution and discriminated against him in connection with adverse rulings made in state court proceedings in 2014. See Complaint at 6-40. On August 5, 2022, Plaintiff was granted leave to proceed in forma pauperis. Dkt. 5.

Federal Rule of Civil Procedure 12(h)(3) provides: "If the court determines at any time that it lacks subject matter jurisdiction, the court must

dismiss the action." For the reasons set forth below, it appears this Court lacks subject matter jurisdiction over the action. As a result, Plaintiff is ordered to show cause why this action should not be dismissed.

## II.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

The Complaint contains 24 or 25 "Cause[s] of Action, and Reason[s] for Removal," with some having "(a)" and "(b)" sub-grounds. See Complaint at 6-40; 50-57. Causes of Action One through Seventeen and Twenty through Twenty-Five appear to be based on alleged Fourteenth Amendment violations by the Kern County Superior Court in 2014 in connection with several cases Plaintiff then had pending in that court in or around 2014. Id. at 6-35; 50-57. The Eighteenth Cause of Action is based on a claim that Plaintiff faced unlawful discriminated by the same superior court on the bases of sex, color, age, and education, allegedly in violation of the Title II of the Civil Rights Act of 1964, when the superior court rejected documents for filing in the same cases. Id. at 39-40. The Complaint does not appear to contain a separately numbered nineteenth cause of action.

Plaintiff alleges "the U.S. District Court has original jurisdiction over the action" because Plaintiff is suing "the agents of the State of California." Complaint at 24.

Plaintiff asks this Court to "strike all demurrers and motions to quash from all [state court] records, and reverse and vacate the demurrers, and motions to strike, and motions to quash complaint, and overrule all motions to strike Plaintiff's complaint" in the 2014 Kern County Superior Court actions, "moves the Court to nunc-pro-tunc, enter default and default judgment against all defendants in the amount of $48,000,000," and seeks a finding that "all judgments [against her in the state court cases] are void on their face" except one order overruling a demurrer. Complaint at 43, 45-46.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.
### STANDARD OF REVIEW

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "[L]imitations on the court's jurisdiction must neither be disregarded nor evaded. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock W., Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). Plaintiff bears the burden of proving that his case is within federal jurisdiction. See, e.g., In re Ford Motor Co. / Citibank (S.D.), N.A., 264 F.3d 952, 957 (9th Cir. 2001) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).

As noted, Federal Rule of Civil Procedure 12(h) requires the Court to dismiss any action if the Court lacks subject matter jurisdiction.

### IV.
### DISCUSSION

**A.    The *Rooker-Feldman* Doctrine**

Under the Rooker-Feldman doctrine, a federal district court may not exercise subject-matter jurisdiction over a de facto appeal from a state court judgment. Noel v. Hall, 341 F.3d 1148, 1154, 1156 (9th Cir. 2003) (citing Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983)). Congress, in 28 U.S.C. § 1257, vests the United States Supreme Court, not the lower federal courts, with appellate jurisdiction over state court judgments. Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam). "Review of such judgments may be had only in [the

3

Supreme] Court." <u>Feldman</u>, 460 U.S. at 482.

The <u>Rooker-Feldman</u> doctrine governs "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005). In determining whether an action functions as a de facto appeal, courts "pay close attention to the <u>relief</u> sought by the federal-court plaintiff." <u>Bianchi v. Rylaarsdam</u>, 334 F.3d 895, 900 (9th Cir. 2003) (citation omitted). "<u>Rooker-Feldman</u> bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims." <u>Id.</u> at 901 (citation and footnote omitted). "It is a forbidden de facto appeal under <u>Rooker-Feldman</u> when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." <u>Noel</u>, 341 F.3d at 1163 ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, <u>Rooker–Feldman</u> bars subject matter jurisdiction in federal district court."); <u>Reusser v. Wachovia Bank, N.A.</u>, 525 F.3d 855, 859 (9th Cir. 2008) ("[t]he clearest case for dismissal based on the <u>Rooker-Feldman</u> doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." (alteration in original) (citation omitted)).

District courts do not have jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." <u>Feldman</u>, 460 U.S. at 486. Further, although <u>Rooker-Feldman</u> "applies only when the federal plaintiff asserts as her injury legal error or errors by the state court <u>and</u>

seeks as her remedy relief from the state court judgment" (<u>Kougasian v. TMSL, Inc.</u>, 359 F.3d 1136, 1140 (9th Cir. 2004)), allegations that are inextricably intertwined with the state courts' judgment are subject to dismissal under the <u>Rooker-Feldman</u> doctrine. <u>See</u> <u>Noel</u>, 341 F.3d at 1158; <u>Bianchi</u>, 334 F.3d at 898, 901. As explained in <u>Bianchi</u>, "[i]f claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction," regardless of whether the plaintiff asserts that the state court action was unconstitutional. <u>Id.</u> at 898. "If the injury alleged resulted from the state court judgment itself, <u>Rooker-Feldman</u> directs that the lower federal courts lack jurisdiction." <u>Id.</u> at 901 (citation omitted).

Here, in connection with all of the purported causes of action, Plaintiff seeks, in addition to money damages, broad-based relief seeking reversal of state court orders, voiding of state court judgments, and entry of new, contrary default judgments. <u>See</u> Complaint at 43, 45-46. As such, Plaintiff seeks a de facto appeal (and reversal) of state court judgments. This is precisely the type of relief that the Supreme Court and the Ninth Circuit have instructed is outside the subject-matter jurisdiction of district courts. Thus, the Complaint, in its entirety, in seeking to reopen and set aside judgments of the Kern County Superior Court, appears to be barred by the <u>Rooker-Feldman</u> doctrine.

**B.   <u>Immunity</u>**

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." <u>Brooks v. Sulphur Springs Valley Elec. Coop.</u>, 951 F.2d 1050, 1053 (9th Cir. 1991) (citing <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984)). This jurisdictional bar includes

"suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature." Id.; Pennhurst State Sch. & Hosp., 465 U.S. at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999). California has not consented to civil rights suits against it in federal court. See Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court"); BV Eng'g v. Univ. of Cal., L.A., 858 F.2d 1394, 1396 (9th Cir. 1988). Further, Congress has not abrogated State sovereign immunity for civil rights actions. See Dittman, 191 F.3d at 1026; L.A. Branch NAACP v. L.A. Unified Sch. Dist., 714 F.2d 946, 950 (9th Cir. 1983). The doctrine set forth in Ex Parte Young, 209 U.S. 123 (1908) provides a narrow exception to Eleventh Amendment immunity for prospective declaratory or injunctive relief against state officers in their official capacity for their alleged violations of federal law. See Pennhurst State Sch. & Hosp., 465 U.S. at 102-06; Coal. to Defendant Affirmative Action v. Brown, 674 F.3d 1128, 1133-34 (9th Cir. 2012).

Plaintiff's civil rights claims (claims 1-17, 20-25)[1] against Defendants appear to be barred by the Eleventh Amendment. See Simmons v. Sacramento Cty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (Eleventh

---

[1] The Eighteenth Cause of Action, brought under the Civil Rights Act of 1964, is not barred by the Eleventh Amendment, but, as noted above, based on the remedy sought (reversal of state court judgments), is a de facto appeal of a state court judgment, subject dismissal under the Rooker-Feldman doctrine. See, e.g. McNeley v. Sheppard, Mullin, Richter & Hampton LLP, 2019 WL 1371153, at *10 (C.D. Cal. Feb. 28, 2019) (finding the Rooker-Feldman doctrine barred a de facto appeal of a state court judgment based on alleged Fourteenth Amendment and Civil Rights Act violations).

6

Amendment barred claims against superior court); <u>Pemstein v. California</u>, 2012 WL 1144615, 3 n.1 (C.D. Cal. Mar. 7, 2012) (same), <u>report and recommendation accepted by</u> 2012 WL 1144612 (C.D. Cal. Apr. 3, 2012). The <u>Ex Parte Young</u> exception is inapplicable to Plaintiff's claims as she seeks to reverse or reopen the state court decisions, that is, seeking retroactive relief. <u>See</u> <u>Pennhurst State Sch. & Hosp.</u>, 465 U.S. at 105-06.

## V.

## ORDER

Plaintiff is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice <u>by filing a written response within twenty-eight (28) days from the date of this Order</u> setting forth any valid legal and/or factual reasons or arguments why the Court should not find that it lacks subject matter jurisdiction over this action under the <u>Rooker</u>-<u>Feldman</u> doctrine and, as to claims 1-17 and 20-25, Eleventh Amendment immunity.

Instead of filing a written response to the matters addressed in this Order, Plaintiff may voluntarily dismiss the action by filing a Notice of Dismissal form under Federal Rule of Civil Procedure 41. <u>The Clerk is directed to provide Plaintiff with a blank Notice of Dismissal Form (CV-009).</u>

A failure to timely file a response to this Order may result in the dismissal of the action as barred by the <u>Rooker</u>-<u>Feldman</u> doctrine, Eleventh Amendment immunity (as to claims 1-17, 20-25), and for failure to prosecute and comply with Court orders. <u>See</u> Fed. R. Civ. P. 41(b).

In addition, pending a further order regarding this Order to Show Cause, no summons on the Complaint shall be issued, nor shall service be effected.

IT IS SO ORDERED.

Dated: August 9, 2022

_____
JOHN D. EARLY
United States Magistrate Judge

7